## Van de Venter *v.* Chicago City Ry. Co.

*(Circuit Court, N. D. Illinois. May 8, 1885.)*

1. STREET RAILWAYS—CABLE CARS—DILIGENCE REQUIRED.
   Street railways, as common carriers, are bound to the exercise of a high degree of care and diligence in their business, in the care and protection of the persons and lives of their patrons and passengers; are bound to exercise that high degree of care and diligence in the protection of the persons of its patrons, as is usually exercised by very prudent persons in their own business, under like circumstances, and are liable for injuries resulting to passengers from their negligence or want of such care and diligence.

2. SAME—NEGLIGENCE—INJURY TO PASSENGER ATTEMPTING TO GET ON CARS.
   Where a person, without negligence on his part, and while the cars are standing still waiting for passengers, endeavors to go aboard the car, with the intention of paying fare and becoming a passenger, and the conductor of the car, without giving such person reasonable and sufficient time to enter, negligently caused or suffered the car suddenly to start, whereby the person attempting to board the same is injured, the company will be liable.

3. SAME—CONTRIBUTORY NEGLIGENCE.
   But where the injury was caused by the person's want of care and prudence in attempting to get on the car while it was in motion; or where his own negligence or want of care contributed in any manner to produce the injury, there can be no recovery.

At Law.

*W. G. & A. T. Ewing,* for plaintiff.

*W. J. Hynes,* for defendant.

BUNN, J., *(charging jury.)* This action is brought by the plaintiff, Eugenia Van de Venter, a citizen of the city of Buffalo, in the state of New York, against the defendant, the Chicago City Railway Com-

pany, a corporation organized under the statutes of the state of Illinois, and a citizen of the state of Illinois, to recover for a personal injury, claimed to have been received by her through the defendant's negligence and want of proper care while the plaintiff was attempting to take one of the defendant's cars at the corner of Wabash avenue and Jackson street, in the city of Chicago, on January 29, 1884. The evidence shows that the defendant corporation was and is engaged as a common carrier in the business of carrying persons in Chicago, by means of street cars known as "cable cars," and propelled and run by steampower. The plaintiff was, at the time of the accident, a teacher of instrumental music, prosecuting her vocation in the city of Chicago.

The plaintiff claims that on the day in question she had been engaged in the instruction of her pupils at Webber Music Hall, upon Wabash avenue, near the corner of Wabash avenue and Jackson street; that between 4 and 5 o'clock that day, January 29, 1884, she came down to the street from the hall, where so engaged, and attempted to take the defendant's car to go southward on Wabash avenue to her home; that the defendant's train of cars stopped, for the purpose of taking on passengers, opposite to the entrance to the music hall, where the plaintiff was standing, waiting for the train, and that she left the sidewalk, and walked across the street to the rear of the Cottage Grove avenue car, which she wished to take, and where other passengers were about getting on board; that the train remained standing until all the other passengers got on board; that she, the plaintiff, was the last one waiting at that point to take that car; and that after the other passengers had stepped on board the train, and while it was yet standing still, she took hold of the railing of the car with one hand, having upon the other arm a gossamer cloak, and an umbrella in the left hand, and at the same time placed one foot upon the lower step of the platform to the car, and at that moment, and before she had got upon the platform, the conductor of the train negligently caused the train to start without giving her sufficient time to get upon the car, whereby she was thrown upon the ground, and drawn several feet along the street by the side of the car, sustaining injuries to her person. This is substantially the claim which the plaintiff makes, and her testimony is directed to and tends to support the claim.

The defendant's defense upon the trial is that there was no negligence or misconduct on the part of the railway company, or its conductor of the train, in question; that the plaintiff, if injured at all, was injured by means of her own carelessness and want of prudence in attempting to take the car while in motion; and this is, I think, substantially the issue you are to determine from the evidence.

The defendant is a common carrier of persons, and, as such, is bound to the exercise of a high degree of care and diligence in its business, in the care and protection of the persons and lives of its patrons and passengers. It is bound to exercise that high degree of

diligence and care in the protection of the persons of its patrons as is usually exercised by very prudent persons in their own business under like circumstances, and is liable for injuries to its passengers resulting from its own negligence, or want of such care and diligence, without fault on their part.

The law requires in such cases the highest degree of care and diligence which is reasonably within the power of the persons engaged in such business. So that if you should find, upon the whole evidence, that the plaintiff, without fault or negligence on her part, and while the cars were standing still, waiting for passengers—the plaintiff with others—to go on board, she endeavored to go upon the platform of the car, with the intent of going into the car and paying her fare and becoming a passenger upon defendant's train; and that, as she placed her foot upon the step leading to the platform of the car, at the usual place of entering said car, and took hold of the railing of the car with one hand, for the purpose of enabling her to step upon the platform to enter the said car, while the car was standing still for the entrance of passengers, the conductor of the train, at that moment, and without giving the plaintiff reasonable and sufficient time to get upon the platform of the car, negligently caused or suffered the train suddenly to start up before the plaintiff had time to get upon the platform, whereby the plaintiff was thrown upon the ground, and dragged to a distance, causing injury to her person,—the plaintiff in such case would be entitled to recover for such injury. On the contrary, if the jury should believe from the evidence that the injury to plaintiff was caused by her own want of prudence or care in attempting to take the train while such train was in motion, or that her own negligence or want of care contributed in any manner to produce the injury, she cannot recover, and your verdict in such case should be for the defendant.

The case presents, in the main, a question of fact for the jury, and which it becomes your duty to determine from the weight of the evidence. The burden of proof is with the plaintiff to establish her case by a preponderance in the weight of the testimony, and in the trial of the issue it will be the privilege and duty of the jury to consider all the testimony on both sides, and to give to each and all of the several witnesses, and all the facts and circumstances appearing upon the trial, such weight and credit as you think them fairly entitled to. Evidence is that which demonstrates and makes clear to the minds of the jury the issue between the parties, and it is always for the jury to judge how much credit and weight should, in justice, be attached to the statements of the several witnesses. Of course, the number of witnesses testifying to a given state of things for and against is a material circumstance to be considered by the jury. But it does not follow from this that you are necessarily to give more credit to the greater number of witnesses so testifying, as against a less number testifying to the contrary state of facts. If the jury, all

things considered, are more convinced by the testimony of the lesser number, they are entitled to take their testimony in preference to that of the greater number. Still, you are always to consider the number of witnesses testifying for and against. It is also your duty, in giving weight to testimony, to consider the interest of the several witnesses, if any, in the result of the trial, and their relation to and connection with the parties and the case, as well as the statements they make, the reasonableness or unreasonableness of their testimony, and how they are corroborated or contradicted by other testimony or by the known and conceded facts of the case; also the manner of the witnesses upon the stand, their apparent feeling or bias, if any, for or against one party or the other. After full and patient consideration of all the testimony and circumstances, the jury are to consider how they are reasonably satisfied and convinced by the evidence, taken as a whole.

If you find for the defendant, you will simply say so by your verdict. If for the plaintiff, it will then be your duty to assess the damages she will, in such case, be entitled to recover from the defendant on account of the alleged injury.

If you find for the plaintiff, the sources of the damages will be— *First*, the expenses necessarily and properly incurred by her in procuring medical aid and attendance, and for nursing, in consequence of the injury, to be assessed and found by the jury from the evidence; *second*, if you find the plaintiff was disabled by the injury, from attending to her ordinary business and occupation, compensation for her loss of time so occasioned by the injury, to be assessed and found by the jury from the evidence; *third*, the personal pain and suffering, physical and mental, to which the plaintiff has been subjected as a consequence of the injury, to be assessed by the jury from the testimony. The damages which the plaintiff would be entitled to recover under this last head, in case you find for the plaintiff, are largely in the discretion of the jury, but they should be proportioned as near as can be to the extent of the pain and suffering endured by the plaintiff as a consequence of the injury. They should in no case be excessive in amount, but made judiciously commensurate, in the sound judgment and discretion of the jury, to the pain and suffering, physical and mental, so endured by the plaintiff as a consequence of the injury.

There was some evidence on the part of the plaintiff tending to show that the injury to the plaintiff will be incurable and permanent, on account of an injury to the plaintiff's spine; but I think, upon the whole, the jury would not be justified in so finding, and I understand the plaintiff's counsel to waive any claim for damages on the consideration of the injury being permanent or incurable; and so you are instructed, in case you find for the plaintiff, to consider the matter of damages under the three heads only, as enumerated to you by the court, and assuming that the injury is not permanent or incurable.

Gentlemen, the further responsibility of the case now rests with you. You will take it, give the evidence patient and full consideration, and decide the issue according to the justice thereof, as shall appear to you from the evidence.

The jury returned a verdict of $6,500 for the plaintiff which, upon motion, the court refused to set aside.